UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| 1-800-BOARDUP, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:12-MC-331 (CEJ) |
| QUALITY RENOVATIONS, LLC, | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

On May 18, 2012, plaintiff filed a petition for confirmation of arbitration award, pursuant to 9 U.S.C. § 9.  On May 23, 2012, plaintiff filed a memorandum stating: "[A] true copy of Plaintiff's Petition for Confirmation of Arbitration Award was served upon Defendant . . . via certified mail."  It appears that the petition was mailed to Craig E. Brown, registered agent for defendant, at a business address in Oklahoma City, Oklahoma.  Defendant has not filed a response to the petition.

The Federal Arbitration Act provides in relevant part:

> Notice of the application [to confirm arbitration award] shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.  If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court.  <u>If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court</u>.

9 U.S.C. § 9 (emphasis added).

Despite this statutory language, federal district courts have concluded that "Section [9] cannot be taken as the proper standard for service of process.  Recourse must be had to the Federal Rules of Civil Procedure."  <u>Hancor, Inc. v. R &R Engineering</u>

Products, Inc., 381 F. Supp. 2d 1215 (D. Puerto Rico 2005) (alteration in original). The accomplishment of service is governed by Fed.R.Civ.P. 4. Id.

Rule 4 provides that service upon a corporation, partnership or association may be accomplished by following state law governing service of a summons or:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

Rule 4(h)(1). Plaintiff served defendant by first-class mail. However, "[e]xcept where a waiver has been obtained, the Federal Rules of Civil Procedure do not provide for service of original process by mail, including certified mail." Staudte v. Abrahams, 172 F.R.D. 155, 156 (E.D. Pa. 1997); see also In the Matter of the Arbitration of Between Intercarbon Bermuda Ltd. and Caltex Trading and Transport Corp., 146 F.R.D. 64 (S.D.N.Y. 1993)(finding that simply sending a copy of the petition to conform from one attorney to another by regular mail does not satisfy Rule 4). Thus, plaintiff must establish that its method of service satisfies the requirements "for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located [Missouri] or where service is made [Oklahoma]." Rule 4(e)(1).

The Court will give plaintiff the opportunity to demonstrate that mailing a copy of its petition to confirm arbitration award satisfies the requirements of Missouri or Oklahoma law. Alternatively, plaintiff may undertake to serve defendant in a manner that satisfies Fed.R.Civ.P. 4. If plaintiff elects to attempt service pursuant to that rule, it must achieve such service within the time period allowed by Rule 4(m).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall have until July 20, 2012 to file either (1) a memorandum establishing that has achieved service on defendant in a manner that the requirements for serving a summons under Missouri or Oklahoma law or (2) a statement that it intends to obtain service on the defendant in the manner prescribed by Fed.R.Civ.P. 4.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of July, 2012.